# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLIFFORD SCATES, | ) |
| Petitioner, | ) |
| v. | ) No. 4:06-CV-405-JCH |
| ALAN BLAKE, | ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Clifford Scates's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## The petition

Scates, a civilly-committed resident of the Missouri Sexual Offender Treatment Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Scates claims that Missouri's Sexually Violent Predators Act, Mo. Rev. Stat. §§ 632.480, et seq., is unconstitutional because, *inter alia*, it 1) violates the ex post facto clause; 2) constitutes a bill of attainder; 3) violates his Fifth Amendment right to remain silent; 4) violates the double jeopardy clause; and 5) violates the due process and equal protection clauses.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

---

[1] The Court's records reflect that Scates paid the $5.00 filing fee to initiate a habeas corpus action on March 27, 2006.

Scates's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Title 28 U.S.C. § 2254 requires that Scates exhaust his available state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Scates has not exhausted his state court remedies.

"To exhaust an available state post-conviction remedy, the petitioner must 'use the State's established appellate review procedures.'" *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1733 (1999). After Scates pleaded guilty to two counts of sexual assault in the first degree and served time in prison, the state filed a petition to have Scates civilly committed as a sexually violent predator. *See In Re Care & Treatment of Scates*, 134 S.W.3d 738, 739-40 (Mo.App. 2004). The petition was tried before a jury in the Iron County Circuit Court, and the jury found Scates to be a sexually violent predator beyond a reasonable doubt. *Id*. at 740. The judgment of the trial court was affirmed by the Missouri Court of Appeals on May 6, 2004. *Id*. at 743. There is no indication that Scates filed a motion for rehearing or transfer to the Missouri Supreme Court or petition for certiorari from the denial of his direct appeal to the United States Supreme Court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction.).

Scates does not contend that there is an absence of available state remedies. Nor does Scates assert that circumstances exist that render such state remedies ineffective to protect his rights. Therefore, the instant petition should be dismissed, without prejudice, because Scates has failed to exhaust his available state remedies.

In accordance with the foregoing,

**IT IS HEREBY** that petitioner's petition for a writ of habeas corpus be **DENIED,** without prejudice because petitioner has not exhausted his available state remedies.

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of March, 2006.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**